1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11    PUMA AG RUDOLF DASSLER SPORT, a          Case No.: 10-CV-0779 BTM(CAB)
      German stock company, and PUMA
12    NORTH AMERICA, INC.,                     **PROTECTIVE ORDER RE: THIRD-**
                                               **PARTY VANS, INC.**
13              Plaintiffs/Counter-
                Defendants,                    [Doc. No. 2]

14
                v.
15
      K-SWISS INC., a Delaware
16    corporation,

17              Defendant/Counter-
                Plaintiff.

18

19          In accordance with the stipulation of K-Swiss and third-party Vans, Inc, and in

20    recognition that third parties, may possess confidential, proprietary, commercially sensitive, and

21    trade secret information that may be necessary or desirable to reveal to the parties during pretrial

22    discovery, the Court has determined that, as provided under Federal Rule of Civil Procedure

23    26(c), a protective order of this Court ("Protective Order") is desirable and necessary to protect

24    such information of third parties from disclosure to others.

25
                                                    **Civil Action No. 10-CV-0779 BTM(CAB)**

1    In view thereof, it is hereby ORDERED that the following procedures shall govern any

2    information, document, or thing, in any form whatsoever, hereafter produced or disclosed by an

3    third-party, and any information contained therein or derived therefrom (collectively, the

4    "Discovery Material"):

5    **1.      PURPOSE.**

6    K-Swiss Inc. ("K-Swiss") is the defendant in a trademark infringement action pending in

7    the United States District Court for the District of Massachusetts captioned Puma AG Rudolf

8    Dassler Sport and Puma North America, Inc. v. K-Swiss Inc. (Civil Action No. 09-cv-10718)

9    (the "Massachusetts Action").  Puma AG Rudolf Dassler Sport and Puma North America, Inc.

10   are hereafter, collectively, referred to as "Puma".  K-Swiss is currently conducting discovery in

11   the Massachusetts Action and has issued, from this District, numerous subpoenae to third party

12   shoe manufacturers who are competitors to both K-Swiss and PUMA.  While the third party shoe

13   manufacturers are willing to cooperate in providing to K-Swiss and Puma certain of the

14   requested information, documents, and tangible things, as competitors, they have a compelling

15   interest in protecting the confidential, proprietary, commercially sensitive, and/or trade secret

16   information provided to the Parties with a protective order entered in this District.

17   **2.      DEFINITIONS.**

18   2.1     Party: "Party" means a party to the Massachusetts Action: K-Swiss Inc., Puma

19   AG Rudolph Rudolf Dassler Sport, or Puma North America, Inc. (collectively, the "Parties").

20   2.2     Discovery Material: "Discovery Material" means any information, document or

21   tangible thing, in hard copy or electronic format subject to subpoena or subpoena duces tecum,

22   deposition testimony or transcript, or exhibit including material that is voluntarily produced, and

23   any other similar material, or portions of such material, furnished, directly or indirectly, by or on

24   behalf of Vans or any other Third Party.

25

**Civil Action No. 10-CV-0779 BTM(CAB)**

2.3.    "Confidential" Information:  A Third Party (as defined below) may designate as "Confidential", pursuant to the procedures set forth in paragraph 3.1, those materials which that Third Party in good faith believes constitute or contain confidential, proprietary, commercially sensitive, and/or trade secret information, which information is not generally known and which that Third Party would normally not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence.

2.4.    "Highly Confidential - Counsel Only" Information:  A Third Party may designate as "Highly Confidential - Counsel Only", pursuant to the procedures set forth in paragraph 3.2, any confidential, proprietary, commercially sensitive, and/or trade secret information which that Third Party in good faith believes is so highly sensitive that the protections afforded by a "Confidential" designation are not sufficient.  This designation shall be reserved for information that constitutes, reflects, or concerns particularly sensitive proprietary, technical, financial, marketing, or other business information, trade secrets, or know-how.

2.5.    Receiving Party:  "Receiving Party" means a Party who receives Discovery Material from a Producing Party.

2.6.    Producing Party:  "Producing Party" means Vans or any other Third Party that produces or otherwise makes available Discovery Material to a Receiving Party.

/ / /

2.7.    Protected Material:  "Protected Material" means any Discovery Material that is designated as "Confidential" or "Highly Confidential - Counsel Only" in accordance with paragraph 3.1 or 3.2 below, and any copies, abstracts, summaries, or information derived from such Discovery Material, and any notes or other records regarding the contents of such Discovery Material.

2.8.    Counsel:  "Counsel" means counsel of record for the Parties (excluding any in-

1   house counsel for either) and includes lawyers who are partners and "of counsel" with a counsel

2   of record, full and part-time attorneys employed by or contracting with (i) counsel of record; (ii)

3   counsel of record's law firms and all employees and contractors of such firms, including, without

4   limitation, paralegals, assistants, and stenographic and clerical employees to whom it is

5   necessary to disclose Protected Material for the purpose of this action.

6        2.9.    Expert:  "Expert" means an expert and/or consultant retained or employed by or

7   for either of the Parties to advise or to assist Counsel in the preparation and/or trial of the Action.

8   For purposes of this Protective Order, the term "Expert" shall include the partners, associates,

9   and employees employed by or of the firm which employs such expert or consultant.

10       2.10.   Third Party:  A "Third Party" means Vans, Inc. and any other non-Party who

11  stipulates to this Protective Order and produces or otherwise makes available Discovery Material

12  to a Receiving Party.  Vans, Inc., and all other Third Parties that have signed the

13  Acknowledgment attached as Appendix C, have standing under this Protective Order's terms.

14  **3.      DESIGNATION OF PROTECTED MATERIAL.**

15       3.1.    Designation of Confidential Information:  Each page of any document or

16  transcript of oral testimony produced or given that is asserted by the Producing Party to contain

17  or constitute Confidential information shall be so designated in writing by such Producing Party.

18  Each such document or transcript of testimony shall be clearly and prominently marked on its

19  face with the legend "CONFIDENTIAL" preceded by a letter or letters identifying the Producing

20  Party or other comparable notice.  If the Receiving Party wishes to show non-confidential

21  portions of a document or transcript containing Confidential information to a person or party not

22  described below in paragraph 4.2, it shall first redact all pages (or portions of pages) marked as

23  containing Confidential information.

24       3.2.    Designation of Highly Confidential - Counsel Only Information:  Each page of

25

1    any document or transcript of oral testimony produced or given in this action that is asserted by

2    the Producing Party to contain or constitute Highly Confidential - Counsel Only information

3    shall be so designated by such Producing Party.  Each such document or transcript of testimony

4    shall be clearly and prominently marked on its face with the legend "HIGHLY CONFIDENTIAL

5    - COUNSEL ONLY", or with substantially similar language such as "CONFIDENTIAL - AEO",

6    or "ATTORNEYS' EYES ONLY", preceded by a letter or letters identifying the Producing Party

7    or other comparable notice.  If the Receiving Party wishes to show non-highly confidential

8    portions of a document or transcript containing Highly Confidential - Counsel Only information

9    to a person or party not described below in paragraph 4.3, it shall first redact all pages (or

10   portions of pages) marked as containing Highly Confidential - Counsel Only information.

11          3.3.    Designation of Non-Paper Media:  Any Protected Material produced in a

12   non-paper media (e.g., videotape, audiotape) may be designated as Confidential or Highly

13   Confidential - Counsel Only by labeling the outside of such non paper media in accordance with

14   paragraph 3.1 or 3.2 as appropriate.  In the event a Receiving Party generates any "hard copy,"

15   transcription, or printout from any such designated non-paper media, the Receiving Party must

16   immediately stamp each page with the designation, if any, found on the outside of the non paper

17   media and the hard copy, transcription or printout shall be treated accordingly.  However, if any

18   Producing Party produces in electronic format electronic documents that contain Protected

19   Material, the Producing Party shall electronically mark each page with the designation

20   Confidential or Highly Confidential - Counsel Only in accordance with paragraph 3.1 or 3.2 as if

21   the Protected Material were in paper format.

22          3.4.    Designations of Protected Material:  Any person who creates Protected Material

23   based upon or derived from Discovery Material shall label such Protected Material with the most

24   restrictive labeling of any Discovery Material upon which such Protected Material is based or

25

**Civil Action No. 10-CV-0779 BTM(CAB)**

1  from which it is derived.  In other words, if Protected Material is derived from or based on

2  Highly Confidential - Counsel Only Discovery Material, in whole or in part, it shall be labeled as

3  "Highly Confidential - Counsel Only" in accordance with paragraph 3.2.  If Protected Material is

4  derived from or based upon Confidential Discovery Material it its entirety (and is not derived

5  from or based upon any "Highly Confidential - Counsel Only" Discovery Material) such

6  Protected Material shall be labeled as "Confidential" in accordance with paragraph 3.1.  Any

7  Protected Material so labeled will be subject to this Protective Order as though it was Discovery

8  Material and the Producing Party of the Discovery Material upon or from which such Protected

9  Material was based or derived shall be deemed to be the Producing Party with respect to such

10  Protected Material.

11       3.5.    Timing of and Challenges to Designations:  Any designation of confidentiality

12  with respect to depositions must be on the record of a deposition or served in writing within

13  fifteen (15) calendar days after receipt of the "final" transcript (subject only to witness review

14  and not in draft, rough ASCII, or real-time copy).  Unless otherwise agreed, all deposition

15  transcripts and exhibits shall be treated as "Highly Confidential - Counsel Only" until the

16  expiration of such fifteen (15) calendar day period.  Any late designation shall be treated in

17  accordance with paragraph 5.8.  Except as otherwise provided in this Protective Order, all

18  designations of confidentiality of written or documentary materials must be made at the time of

19  the production or disclosure of such Discovery Material.  In the event of any disagreement

20  between a Producing Party and a Receiving Party with respect to a designation made by a

21  Producing Party or any assertions made by a Receiving Party that confidentiality has been

22  waived, the Receiving Party must nevertheless abide by the original designation made by the

23  Producing Party until the matter is resolved by agreement of the Producing and Receiving Parties

24  or by order of the Court.  The Third Party claiming that material or deposition testimony is

25

1  Protected Material shall have the burden of proof to establish such rights, except that any

2  Receiving Party claiming an "exclusion" pursuant to paragraph 3.6 shall bear the burden of proof

3  for such exclusion.

4       3.6     Exclusions from Protective Order:  Discovery Material shall not be confidential,

5  nor shall disclosure of such Discovery Material be limited in accordance with this Protective

6  Order, if the content and/or substance thereof was already in the lawful possession of a

7  Receiving Party at the time of disclosure by the Disclosing Party and was not acquired directly

8  or indirectly from the Disclosing Party or Third Party.

9  **4.**     **<u>ACCESS TO, USE AND CUSTODY OF PROTECTED MATERIAL.</u>**

10       4.1.     General:  A record shall be made of the names of the persons to whom disclosure

11  of Protected Material is made (other than to Counsel and outside contractors hired by Counsel to

12  copy, index, sort, or otherwise manage the storage and retrieval of discovery).

13       4.2.     Access to Confidential Information:  In the absence of written permission from

14  the Producing Party or an order of the Court, a Receiving Party shall use any Confidential

15  information designated in accordance with the provisions of paragraph 3.1 solely for purposes of

16  the Massachusetts Action, other U.S. court actions, and/or U.S. administrative proceedings

17  (including appeals) between the Parties involving the FORMSTRIP trademark and registrations

18  thereof, and shall not disclose such information to or discuss such information with any person

19  other than:  (a) one named in-house lawyer of each Party (b) Counsel as defined in paragraph

20  2.8; (c) court reporters, stenographers, or videographers; (d) any person who can be shown from

21  the face of the document to have authored or received it; (e) any former officers or employees

22  being deposed in this action or as a witness at trial if (i) such designated information or

23  document was in existence at the time of the witness' employment with the Third Party; and (ii)

24  such person otherwise would have been qualified to receive such designated information or

25

**Civil Action No. 10-CV-0779 BTM(CAB)**

1   document while employed by the Third Party; (f) Experts; (g) U.S. courts and U.S.

2   administrative tribunals and their support personnel; (h) any mediator retained by the parties to

3   mediate this Action; and (i) any other persons or entities agreed to in writing by the Parties and

4   Vans (or any other Third Party) or as determined by the Court.  Under no circumstances shall

5   Confidential information be made available to the Receiving Party or any other director, officer,

6   manager, employee, agent, or representative of the Receiving Party except as stated in this

7   paragraph.  Nothing contained in this Protective Order shall affect the right of the Producing

8   Party to disclose to anyone Confidential information that the Producing Party has designated as

9   Confidential information.

10          4.3.     Access to Highly Confidential - Counsel Only Information:  In the absence of

11   written permission from the Producing Party or an order of the Court, a Receiving Party shall use

12   any Highly Confidential - Counsel Only information designated in accordance with the

13   provisions of paragraph 3.2 solely for purposes of the Massachusetts Action, other U.S. court

14   actions, and/or U.S. administrative proceedings (including appeals) between the Parties

15   involving the FORMSTRIP trademark and registrations thereof, and shall not disclose such

16   information to or discuss such information with any person other than those set out in

17   subparagraphs 4.2 (b) through (i).  Under no circumstances shall Highly Confidential - Counsel

18   Only information be made available to the Receiving Party or any other director, officer,

19   in-house counsel, manager, employee, agent, or representative of the Receiving Party except as

20   stated in this paragraph.  Nothing contained in this Protective Order shall affect the right of the

21   Producing Party to disclose to anyone Highly Confidential - Counsel Only information that the

22   Producing Party has designated as Confidential information.

23          4.4.     Use of Protected Material at a Deposition:  Whenever any Protected Material is

24   presented or is the subject of inquiry at a deposition, or if counsel for the Third Party

25

**Civil Action No. 10-CV-0779 BTM(CAB)**

- 8 -

1   participating in the deposition designates that an answer to a question or line of questioning is

2   "Confidential" or "Highly Confidential - Counsel Only", such portion of the deposition that may

3   reveal the "Confidential" or Highly Confidential - Counsel Only information or its contents shall

4   be conducted (unless otherwise agreed by counsel for the parties in writing or upon the record of

5   a deposition) so that only those persons duly authorized to have access to such "Confidential" or

6   "Highly Confidential - Counsel Only" information are present.  Any transcript of a deposition in

7   which "Confidential" or "Highly Confidential - Counsel Only" information is presented or is the

8   subject of inquiry shall be marked in accordance with the procedures set forth in paragraphs 3.1

9   or 3.2, as applicable, and paragraph 5, and shall not be disclosed to persons other than those

10  persons duly authorized hereunder to have access thereto, unless those questions or answers or

11  exhibits designated as "Confidential" or "Highly Confidential - Counsel" have been removed

12  from the copies or the parties otherwise agree in writing.

13      4.5.    Custody of Protected Material:  All documents containing Protected Material and

14  notes or other records regarding that information shall be maintained in the custody of Counsel

15  for the Parties, and except as otherwise agreed by the Producing Party no partial or complete

16  copies thereof containing Protected Material shall be retained by anyone else at any location,

17  other than at an office or home office of Counsel (or in transit), except that Experts may retain

18  documents on a temporary basis for purposes of study, analysis, and preparation of this action at

19  the offices of such Expert.  A person, including any Expert, who removes Protected Material

20  from the office or home office of Counsel shall maintain it in a manner that limits access to

21  persons identified in paragraph 4.2 (for Confidential information) or 4.3 (for Highly Confidential

22  - Counsel Only information).  No Protected Material shall be used or retained at an office or

23  location of a Receiving Party, except that one named in-house lawyer of each K-Swiss and Puma

24  may review in his or her office electronic copies of Confidential information, but may not retain

25

**Civil Action No. 10-CV-0779 BTM(CAB)**

1   any such Confidential information for storage or for display.

2       4.6.   Disclosure to Experts.  Experts who in the course of the Action may be given

3   access to Protected Material shall be required to read this Protective Order and agree, in writing,

4   to be bound by executing the Acknowledgment attached hereto as Appendix B.  The originals of

5   all such Acknowledgments shall be maintained in the files of the Counsel allowing access by

6   such person to such Protected Material.

7       4.7.   Acknowledgment of Protective Order:  Before obtaining access to any Protected

8   Material covered by this Protective Order, any person (with the exception of persons identified

9   in subparagraphs 4.2 (b), (c), and (g) (for both Confidential information and Highly Confidential

10   - Counsel Only information)), who is permitted to have access to Protected Material must signify

11   assent to the terms of this Protective Order by executing the Acknowledgment attached hereto as

12   Appendix A, indicating that they have read and understood this Protective Order and agree to be

13   bound by its terms.

14       4.8.   Disclosure of Protected Material to Other Persons:  In the event that Counsel for

15   the Receiving Party finds it necessary to make a disclosure of Protected Material to such persons

16   other than the persons identified in paragraph 4.2 (for Confidential information) or 4.3 (for

17   Highly Confidential - Counsel Only information), Counsel for the Receiving Party must, no less

18   than ten (10) calendar days in advance of the date of its intended disclosure, serve written notice

19   on Counsel for the Producing Party including:  (i) the Protected Material to be disclosed; (ii) the

20   purpose of the disclosure; and (iii) an identification by name, business address, and employer the

21   person(s) to whom such disclosure is to be made.  The Producing Party, as applicable, may

22   consent or object to such disclosure in writing during the notice period; provided, however, no

23   disclosure will be made without the Producing Party's written consent or order of the Court.  If a

24   Producing Party consents in writing or an order of the Court permits the disclosure, Counsel for

25

**Civil Action No. 10-CV-0779 BTM(CAB)**

1     the Receiving Party must, prior to such disclosure, inform the individual to whom the Protected

2     Material is to be disclosed of the terms of this Protective Order, and have the individual

3     acknowledge this Protective Order in writing by executing the Acknowledgment attached as

4     Appendix A, acknowledging that he or she is fully conversant with the terms of this Protective

5     Order and agrees to comply with it and be bound by it.

6     **5.**     **HANDLING OF PROTECTED MATERIAL.**

7         5.1.     Subject to public policy, and further court order, <u>nothing shall be filed under seal</u>,

8     and the court shall not be required to take any action, without separate prior order by the Judge

9     before whom the hearing or proceeding will take place, after application by the affected party

10     with appropriate notice to opposing counsel.

11         5.2     Use of Protected Material Court Hearings and Other Proceedings: Nothing

12     contained in this Protective Order shall be construed to prejudice a Receiving Party's right to use

13     before the Court at a hearing any Protected Material. However, prior to any such use by a

14     Receiving Party (to the extent not otherwise authorized under this Protective Order), the

15     Receiving Party shall inform the Producing Party to permit the same to apply to the Court for

16     appropriate protection including clearing the hearing room or courtroom of persons not entitled

17     to receive the Protected Material at issue.

18         5.3.     Working Copies: Nothing herein shall restrict persons identified in paragraph 4.2

19     (for Confidential information) or 4.3 (for Highly Confidential - Counsel Only information) from:

20     (a) making working copies, abstracts, digests and analyses of such information for use in

21     connection with this action; or (b) converting or translating such information into machine

22     readable form for incorporation in a data retrieval system used in connection with this action,

23     provided that access to such information, in whatever form stored or reproduced, shall be limited

24     to qualified recipients. The one named in-house lawyer of each Party shall be restricted in his or

25

Civil Action No. 10-CV-0779 BTM(CAB)

1  her access to Confidential information as set forth in paragraph 4.5.

2  / / /

3       5.4.    Examination and Testimony Regarding Protected Material:

4      Subject to the provisions of paragraphs 3, 4, and 5 of this Protective Order:

5         (a)    A Third Party or present employee of a Third Party may be examined and

6  may testify concerning Protected Material produced by that Third Party to the extent permitted

7  under paragraphs 4.2(d), and (e);

8         (b)    A former employee of a Third Party may be examined and may testify

9  concerning all Protected Material produced by that Third Party to the extent permitted under

10  paragraphs 4.2(e);

11         (c)    An independent contractor of a Third Party (other than a non testifying

12  litigation consultant) may be examined and may testify concerning all Protected Material

13  produced by that Third Party to the extent permitted under paragraphs 4.2(d), and (e);

14         (d)    An Expert (other than a non-testifying litigation consultant) of either Party

15  may be examined and may testify concerning all Protected Material produced by any Third

16  Party, except that the rules for disclosure of the Protected Material shall be governed exclusively

17  by paragraph 4.6;

18         (e)    For any person who is not permitted to access Protected Material under

19  paragraph 4.2 (for Confidential information) or 4.3 (for Highly Confidential - Counsel Only

20  information), a Receiving Party wishing to question or depose that person about Protected

21  Material of any Producing Party must follow the procedure set forth in paragraph 4.8.

22       5.5.    Request for Production in Unrelated Legal Proceedings:  In the event any

23  Receiving Party having possession, custody or control of any Protected Material receives from or

24  on behalf of a non-party a subpoena or other process or order to produce such information in

25

1   another unrelated legal proceeding, such Receiving Party shall:  (a) promptly notify Counsel for

2   the Producing Party; (b) promptly furnish Counsel for the Producing Party with a copy of said

3   subpoena or other process or order; (c) object to production and refuse to produce any such

4   Protected Materials unless and until there is a Court Order requiring production (provided,

5   however, that the Receiving Party shall have no obligation to oppose any motion or request

6   seeking such proposed or actual Court Order); and (d) reasonably cooperate with respect to all

7   reasonable procedures sought to be pursued by the Producing Party whose interests may be

8   affected.  The Producing Party asserting the Confidential or Highly Confidential - Counsel Only

9   designation with respect to Protected Material sought by a non-party shall have the burden of

10  defending against such subpoena, process, or order.

11          5.6.    Production of Third Party's Protected Material:  A Producing Party that is in

12  possession of a third party's material that is responsive to a Receiving Party's discovery request,

13  which material the Producing Party reasonably believes may constitute confidential, proprietary,

14  commercially sensitive and/or trade secret information of the third party shall notify the third

15  party in writing prior to the date on which the discovery responses are due, thereby permitting

16  the third party a reasonable opportunity to move for a protective order or to stipulate to

17  protection under this Protective Order pursuant to the procedural requirements of paragraph 2.10.

18          5.7     Treatment of Confidential Discovery Material During Inspection:  Should a

19  Producing Party elect to make available certain of its voluminous files kept in the usual course of

20  business for inspection by the Receiving Party, which voluminous files may contain confidential

21  and non-confidential material, all such documents made available for inspection by the

22  Receiving Party (including any summaries thereof containing information from such documents

23  made by the Receiving Party) shall all be treated as required under this Protective Order by the

24  Receiving Party as Highly Confidential - Counsel Only information.  In the event that a

25

**Civil Action No. 10-CV-0779 BTM(CAB)**

1  Receiving Party desires to have "Highly Confidential - Counsel Only" designation removed or

2  changed to "Confidential" for any documents or summaries thereof, the Receiving Party shall

3  comply with the procedures set forth in paragraphs 3.5 and 3.6 above.  Making documents and

4  things available for inspection shall not, by itself, constitute a waiver by the Producing Party of

5  any claim of confidentiality, or any other right.  Nothing in this paragraph shall prevent any

6  Receiving Party from asserting in court that the documents so designated by the Producing Party

7  should not be subject to such designation under this Protective Order.

8          5.8.    Inadvertent Production and/or Failure to Designate:  In the event that a Producing

9  Party inadvertently produces a document that otherwise is not discoverable for reasons of the

10  attorney-client privilege or work product immunity, or both, such inadvertent production shall

11  not constitute any waiver of attorney-client privilege or work product immunity, and the

12  Receiving Party shall, on demand by the Producing Party, promptly return all copies of such

13  inadvertently produced documents.  In no event shall delivery of confidential un-designated

14  documents constitute waiver where such delivery resulted from inadvertence on the part of the

15  Producing Party and such inadvertent delivery is thereafter promptly brought to the attention of

16  the Receiving Party after discovery by the Producing Party.  Upon such notice and in return for

17  copies of said documents containing the appropriate confidentiality designation, the Receiving

18  Party shall return the undesignated documents and things and not retain copies thereof, and shall

19  thereafter treat information contained in said documents and any summaries or notes thereof as

20  confidential to the level designated by the Producing Party.  Any disclosure by the Receiving

21  Party to persons not authorized to receive such Protected Material prior to Receiving Party's

22  receipt of notice of a failure to designate shall not be deemed a violation of this Protective Order;

23  provided, however, that upon notice of its protected status, the Receiving Party shall

24  immediately mark such Protected Material in its possession with the appropriate legend and,

25

1  shall immediately undertake the requirements set out in subparagraph 5.9 (a) through (e) which

2  relate to retrieval of Protected Material from unauthorized persons.  Nothing in this paragraph

3  shall prevent any Receiving Party from asserting in court that the production was not

4  inadvertent, that confidentiality has been waived, or that the Producing Party otherwise waived

5  the attorney-client privilege or work product immunity allegedly protecting the disclosed

6  information from discovery.

7       5.9.     Disclosure to Unauthorized Persons.  If information subject to this Protective

8  Order is disclosed to any unauthorized person either through inadvertence, mistake, or otherwise

9  without authorization by the Producing Party, or other than in the manner authorized by this

10  Protective Order, the person responsible for the disclosure shall immediately (a) inform the

11  Producing Party of all pertinent facts relating to such disclosure, including without limitation, the

12  name, address, and telephone number of the recipient and his or her employer; (b) use his or her

13  best efforts to retrieve the disclosed information and all copies thereof; (c) advise the recipient of

14  the improperly disclosed information, in writing, of the terms of this Protective Order; (d) make

15  his or her best efforts to require the recipient to execute an agreement to be bound by the terms

16  of this Protective Order in the form of the declaration attached hereto as Appendix A; and (e)

17  take all other reasonable steps to prevent further disclosure by or to the unauthorized person who

18  received the protected information.  Sanctions for inadvertent disclosure of Protected Material to

19  unauthorized persons shall be decided by the Court, after opportunity for briefing and argument

20  by the affected parties.

21  ///

22  ///

23  **6.**     **DESIGNATION NOT DETERMINATIVE OF STATUS.**

24       There is no obligation to challenge the propriety of a Confidential or Highly Confidential

25

**Civil Action No. 10-CV-0779 BTM(CAB)**

- Counsel Only designation at the time made, and failure to do so shall not preclude a subsequent

challenge to the designation.  All challenges by a Receiving Party to the propriety of a

Confidential or Highly Confidential - Counsel Only designation shall first be made in writing to

every Producing Party whose rights are affected, such writing to identify with specificity the

material challenged.  Within fourteen (14) calendar days of such a challenge, the Producing

Party shall substantiate the basis for such designation in writing.  Such challenges shall be

resolved in good faith on an informal basis pursuant to the "meet and confer" requirements of the

local rules.  If the challenge cannot be resolved, the Producing Party or Receiving Party may

seek appropriate relief from this Court.

**7.**     **SCOPE OF PROTECTIVE ORDER; TERMINATION AND SURVIVAL OF**

**OBLIGATIONS.**

This Protective Order is intended to regulate the handling of Discovery Material for

pretrial purposes. This Protective Order is subject to modification by the Court for the District of

Massachusetts, and shall remain in full force and effect until modified or superseded by Order of

this Court or the Massachusetts Court.  The Parties anticipate that requirements for specific

protection and/or access to confidential information used during trial will differ significantly

from the requirements during pre-trial discovery.  In view of the foregoing, no presumption shall

be made that the terms of this Protective Order are applicable after the date of the post-discovery

scheduling conference, set on March 3, 2011. The Parties may request, at the post-discovery

status conference, modification of this Protective Order or a new protective order for trial

governing Discovery Material produced in this action. The Parties shall serve Vans and any

other Third Party joining this order with any documents or motions with respect to any proposed

new or modified protective order for trial, and any comments, objections, or other issues to the

1    form of the protective order for trial shall be addressed to the Court for the District of

2    Massachusetts.

3    **8.    <u>INJUNCTIVE RELIEF.</u>**

4    In the event anyone violates or threatens to violate any of the terms of this Protective

5    Order, the aggrieved Third Party may apply to the Court to obtain injunctive relief against any

6    such person violating or threatening to violate any of the terms of this Protective Order.  Upon a

7    motion or application for a temporary restraining order, (which TRO, if issued, shall expire in

8    accordance with Fed. R. Civ. P. Rule 65(b)(B)(2)), the responding party shall not (i) employ as a

9    defense in a motion to dissolve the TRO, or (ii) assert in opposition to any motion to grant or

10    extend the TRO, the claim that the aggrieved party possesses an adequate remedy at law.  Except

11    as provided in this paragraph with respect to a TRO, the responding party may employ all

12    available defenses under the law.  The Parties, Vans, and any other Third Parties agree that the

13    Court shall retain jurisdiction over them for the purpose of enforcing the Protective Order.

14    **9.    <u>RIGHT TO FURTHER RELIEF.</u>**

15    Nothing in this Protective Order shall abridge the right of any person to seek judicial

16    review or to pursue other appropriate judicial action to seek a modification or amendment of this

17    Protective Order.

18    **10.    <u>AMENDMENT.</u>**

19    This Protective Order may be modified or amended only where Counsel for K-Swiss and

20    Vans (and counsel for all Third Parties where their rights are affected) agree to a Motion to

21    Amend Protective Order, or by Order of this Court or the United States District Court for the

22    District of Massachusetts.

23    **11.    <u>RIGHT TO ASSERT OTHER OBJECTIONS.</u>**

24    This Protective Order shall not be construed as waiving any right to assert a claim of

25

**Civil Action No. 10-CV-0779 BTM(CAB)**

1   privilege, relevance, overbreadth, burdensomeness or other grounds for not producing Discovery

2   Material called for, whether during discovery, hearing, or trial, and access to such Discovery

3   Material shall be only as otherwise provided by the discovery rules and other applicable law.

4   **12.    FINAL DISPOSITION.**

5          Within two months after final termination of this action, or within one month after the

6   time for appeal has expired, each Receiving Party shall assemble all Protected Material furnished

7   and designated by any Producing Party including Protected Material provided to Experts, and

8   shall either:  (i) return such Protected Material to the Producing Party; or (ii) destroy the

9   Protected Material and provide a certificate of destruction to the Producing Party.

10   Notwithstanding the foregoing, Counsel for each Party shall be entitled to retain a "litigation

11   file" which shall include, without limitation, all pleadings, motion papers, declarations, exhibits,

12   legal memoranda, correspondence, work product, electronic files, and produced documents.

13   / / /

14   **13.    COURT'S ENTRY OF THE PROTECTIVE ORDER.**

15          Upon execution of the Protective Order by the Parties and Vans (and any other Third

16   Party), and before the Court enters the Protective Order, the Producing Parties may agree to

17   produce some or all of the information designated as Confidential and/or Highly Confidential -

18   Counsel Only.  Except as provided in this Paragraph, the disclosed information shall be governed

19   by the terms of this Stipulation and the resulting Order.  The Parties further agree that should this

20   Court or the U.S. District Court for the District of Massachusetts alter the terms of the Protective

21   Order affecting what material may be designated as Confidential and/or Highly Confidential -

22   Counsel Only, any Protected Material affected by the altered terms shall be returned to the

23   Producing Party within seven (7) calendar days of such court order and shall not be disclosed to

24   any person not permitted access under paragraphs 4.2 (for Confidential information) or

25

**Civil Action No. 10-CV-0779 BTM(CAB)**

1  paragraph 4.3 (for Highly Confidential - Counsel Only information) absent agreement of the

2  Receiving and Producing Parties or further order of the Court.

3  **IT IS SO ORDERED.**

4

5  DATED:  April 20, 2010

6  _____

7  **CATHY ANN BENCIVENGO**

8  United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Civil Action No. 10-CV-0779 BTM(CAB)**

APPENDIX A
CONFIDENTIALITY AGREEMENT

I, _____, hereby acknowledge that:

(i)       I have read the Protective Order entered in the U.S. District Court for the Southern District of California and relating to the action presently pending in the U.S. District Court for the District of Massachusetts captioned PUMA AG Rudolf Dassler Sport and PUMA North America, Inc. v. K-Swiss Inc. (1:09-cv-10718-DPW);

(ii)      I understand the terms of the Protective Order;

(iii)     I agree, upon threat of penalty of contempt and other civil remedies, to be bound by the Protective Order's terms; and

(iv)     I irrevocably submit my person to the jurisdiction of the U.S. District Court for the Southern District of California for the limited purpose of securing compliance with the terms and conditions of the Protective Order.

DATED:_____
        _____


        Signature


        _____


        Name


        _____

**Civil Action No. 10-CV-0779 BTM(CAB)**

Present Employer

_____

Title/Occupation

_____

Address

_____

City            State                ZIP

_____

Telephone Number

APPENDIX B

CONFIDENTIALITY AGREEMENT

(For Experts)

I, _____, hereby acknowledge that:

(i)        I have read the Protective Order entered in the U.S. District Court for the Southern

District of California and relating to the action presently pending in the U.S. District Court for the District of Massachusetts captioned PUMA AG Rudolf Dassler Sport and PUMA North America, Inc. v. K-Swiss Inc. (1:09-cv-10718-DPW).

(ii)      I understand the terms of the Protective Order;

(iii)     I agree, upon threat of penalty of contempt and other civil remedies, to be bound by the Protective Order's terms; and

(iv)      I certify that I am not a competitor to any Party, or a consultant for, or employed by, such a competitor with respect to the specific subject matter of this case;

(v)       I understand that I am to maintain all copies of any Protected Material that I receive in a container, cabinet, drawer, room, password protected computer medium, or other safe place in a manner consistent with this Protective Order, and that all copies are to remain in my custody only until I have completed my assigned duties, whereupon the copies are to be destroyed or returned to the Producing Party or Third Party.  Such return or destruction shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.  I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the Protective Order; and

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

(vi)      I irrevocably submit my person to the jurisdiction of the U.S. District Court for the Southern District of California for the limited purpose of securing compliance with the terms and conditions of the Protective Order.

DATED:_____

_____

Civil Action No. 10-CV-0779 BTM(CAB)

1
2
3  Signature
4
5  _____
6
7  Name
8
9
10  _____
11
12  Present Employer
13
14  _____
15
16  Title/Occupation
17
18
19  _____
20
21  Address
22
23  _____
24
25

Civil Action No. 10-CV-0779 BTM(CAB)

1

2   City          State          ZIP

3

4   _____

5

6   Telephone Number

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Civil Action No. 10-CV-0779 BTM(CAB)**

APPENDIX C

STIPULATION

I, _____, hereby acknowledge for myself and on behalf of

_____ that:

(i)        I have read the Protective Order entered in the U.S. District Court for the Southern

District of California and relating to the action presently pending in the U.S. District Court for

the District of Massachusetts captioned PUMA AG Rudolf Dassler Sport and PUMA North

America, Inc. v. K-Swiss Inc. (1:09-cv-10718-DPW);

(ii)       I understand the terms of the Protective Order;

(iii)      I agree, upon threat of penalty of contempt and other civil remedies, to be bound by

the Protective Order's terms, and to bind _____ to those terms; and

(iv)      I irrevocably submit my person and _____ to the jurisdiction

of the U.S. District Court for the Southern District of California for the limited purpose of

securing compliance with the terms and conditions of the Protective Order.

DATED:_____

_____


Signature



_____


Name



_____


Company

**Civil Action No. 10-CV-0779 BTM(CAB)**

1

2

3 _____

4

5 Title/Occupation

6

7 _____

8

9 Address

10

11

12 _____

13

14 City          State          ZIP

15

16 _____

17

18 Telephone Number

19

20

21

22

23

24

25

**Civil Action No. 10-CV-0779 BTM(CAB)**