1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                  FOR THE SOUTHERN DISTRICT OF CALIFORNIA
10
11   PUMA AG RUDOLF DASSLER SPORT, a        )   Civil Action No.
     German stock company; and, PUMA NORTH  )   10cv0779 BTM (CAB)
     AMERICA, INC., a Delaware corporation, )
12                                          )
                     Plaintiffs,            )
13                                          )
             v.                             )
14                                          )   **CONFIDENTIALITY**
     K-SWISS INC., a Delaware corporation,  )   **PROTECTIVE ORDER RE:**
15                                          )   **THIRD-PARTY FOUR STAR**
                     Defendant.             )   **DISTRIBUTION**
16   _____)
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Federal Rule of Civil Procedure 26(c), the following confidentiality protective order is entered with respect to third-party, Four Star Distribution (incorrectly named as C1RCA Footwear & Apparel) ("Four Star"):

1. **PURPOSE.**

K-Swiss Inc. ("K-Swiss") is the defendant in a trademark infringement action pending in the United States District Court for the District of Massachusetts captioned Puma AG Rudolf Dassler Sport and Puma North America, Inc. v. K-Swiss Inc. (Civil Action No. 09-cv-10718) (the "Massachusetts Action").  Puma AG Rudolf Dassler Sport and Puma North America, Inc. are hereafter, collectively, referred to as "Puma."  K-Swiss is currently conducting discovery in the Massachusetts Action and has issued, from this District, a subpoena against Four Star Distribution.

2. **DEFINITIONS**

2.1     Party: "Party" means a party to the Massachusetts Action: K-Swiss Inc., Puma AG Rudolph Rudolf Dassler Sport, or Puma North America, Inc. (collectively, the "Parties").

2.2     Discovery Material: "Discovery Material" means any information, document or tangible thing, in hard copy or electronic format subject to subpoena or subpoena duces tecum, deposition testimony or transcript, or exhibit including material that is voluntarily produced, and any other similar material, or portions of such material, furnished, directly or indirectly, by or on behalf of Four Star.

2.3     "Confidential" Information: Four Star may designate as "Confidential," pursuant to the procedures set forth in paragraph 3.1, those materials which Four Star in good faith believes constitute or contain confidential, proprietary, commercially sensitive, and/or trade secret information, which information is not generally known and which Four Star would normally not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence.

2.4     "Highly Confidential - Counsel Only" Information: Four Star may designate as "Highly Confidential - Counsel Only," pursuant to the procedures set forth in paragraph 3.2, any confidential, proprietary, commercially sensitive, and/or trade secret information which that Four Star in good faith believes is so highly sensitive that the protections afforded by a "Confidential" designation are not sufficient.   This designation shall be reserved for information that constitutes, reflects, or concerns particularly sensitive proprietary, technical, financial, marketing, or other business information, trade secrets, or know-how.

2.5     Receiving Party: "Receiving Party" means a Party who receives Discovery Material from a Producing Party.

2.6     Producing Party: "Producing Party" means Four Star.

2.7     Protected Material: "Protected Material" means any Discovery Material that is designated as "Confidential" or "Highly Confidential - Counsel Only" in accordance with paragraph 3.1 or 3.2 below, and any copies, abstracts, summaries, or information derived from such Discovery Material, and any notes or other records regarding the contents of such Discovery Material.

2.8     Counsel: "Counsel" means counsel of record for the Parties (excluding any in-house counsel for either) and includes lawyers who are partners and "of counsel" with a counsel of record, full and part-time attorneys employed by or contracting with (i) counsel of record; (ii) counsel of record's law firms and all employees and contractors of such firms, including, without limitation, paralegals, assistants, and stenographic and clerical employees to whom it is necessary to disclose Protected Material for the purpose of this action.

2.9     Expert: "Expert" means an expert and/or consultant retained or employed by or for either of the Parties to advise or to assist Counsel in the preparation and/or trial of the Action. For purposes of this Protective Order, the term "Expert" shall include the partners, associates, and employees employed by or of the firm which employs such expert or consultant.

**3.     DESIGNATION OF PROTECTED MATERIAL.**

3.1     Designation of Confidential Information: Each page of any document or transcript of oral testimony produced or given that is asserted by the Producing Party to contain or constitute Confidential information shall be so designated in writing by such Producing Party. Each such document or transcript of testimony shall be clearly and prominently marked on its face with the legend "CONFIDENTIAL" preceded by a letter or letters identifying the Producing Party or other comparable notice.  If the Receiving Party wishes to show non-confidential portions of a document or transcript containing Confidential information to a person or party not described below in paragraph 4.2, it shall first redact all pages (or portions of pages) marked as containing Confidential information.

3.2     Designation of Highly Confidential - Counsel Only Information: Each page of any document or transcript of oral testimony produced or given in this action that is asserted by the Producing Party to contain or constitute Highly Confidential - Counsel Only information shall be so designated by such Producing Party.  Each such document or transcript of testimony shall be clearly and prominently marked on its face with the legend "HIGHLY CONFIDENTIAL - COUNSEL ONLY", or with substantially similar language such as "CONFIDENTIAL - AEO", or "ATTORNEYS' EYES ONLY", preceded by a letter or letters identifying the Producing Party or other comparable notice.  If the Receiving Party wishes to show non-highly confidential portions of a document or transcript containing Highly Confidential - Counsel Only information to a person or party not described below in paragraph 4.3, it shall first redact all pages (or portions of pages) marked as containing Highly Confidential - Counsel Only information.

3.3     Designation of Non-Paper Media: Any Protected Material produced in a non-paper media (e.g., videotape, audiotape) may be designated as Confidential or Highly Confidential - Counsel Only by labeling the outside of such non-paper media in accordance with paragraph 3.1 or 3.2, as appropriate.  In the event a Receiving Party generates any "hard copy," transcription, or printout from any such designated non-paper media, the Receiving Party must immediately stamp each page with the designation, if any, found on the outside of the non-paper media and the hard copy, transcription or printout shall be treated accordingly. However, if any Producing Party produces in electronic format electronic documents that contain Protected Material, the Producing Party shall electronically mark each page with the designation Confidential or Highly Confidential - Counsel Only in accordance with paragraph 3.1 or 3.2 as if the Protected Material were in paper format.

3.4     Designations of Protected Material: Any person who creates Protected Material based upon or derived from Discovery Material shall label such Protected Material with the most restrictive labeling of any Discovery Material upon which such Protected Material is based or from which it is derived.  In other words, if Protected Material is derived from or based on Highly Confidential - Counsel Only Discovery Material, in whole or in part, it shall be labeled as "Highly Confidential - Counsel Only" in accordance with paragraph 3.2. If Protected Material is derived from or based upon Confidential Discovery Material in its entirety (and is not derived from or based upon any "Highly Confidential - Counsel Only" Discovery Material) such Protected Material shall be labeled as "Confidential" in accordance with paragraph 3.1.  Any Protected Material so labeled will be subject to this Protective Order as though it was Discovery Material, and the Producing Party of the Discovery Material upon or from which such Protected Material was based or derived shall be deemed to be the Producing Party with respect to such Protected Material.

3.5     Timing of and Challenges to Designations: Any designation of confidentiality with respect to depositions must be on the record of a deposition or served in writing within fifteen (15) calendar days after receipt of the "final" transcript (subject only to witness review

and not in draft, rough ASCII, or real-time copy).  Unless otherwise agreed, all deposition transcripts and exhibits shall be treated as "Highly Confidential - Counsel Only"- until the expiration of such fifteen (15) calendar day period.  Any late designation shall be treated in accordance with paragraph 5.8.  Except as otherwise provided in this Protective Order, all designations of confidentiality of written or documentary materials must be made at the time of the production or disclosure of such Discovery Material. In the event of any disagreement between a Producing Party and a Receiving Party with respect to a designation made by a Producing Party or any assertions made by a Receiving Party that confidentiality has been waived, the Receiving Party must nevertheless abide by the original designation made by the Producing Party until the matter is resolved by agreement of the Producing and Receiving Parties or by order of this Court.  The Producing Party claiming that material or deposition testimony is Protected Material shall have the burden of proof to establish such rights, except that any Receiving Party claiming an "exclusion" pursuant to paragraph 3.6 shall bear the burden of proof for such exclusion.

3.6     Exclusions from Protective Order: Discovery Material shall not be confidential, nor shall disclosure of such Discovery Material be limited in accordance with this Protective Order, if the content and/or substance thereof was already in the lawful possession of a Receiving Party at the time of disclosure by the Producing Party and was not acquired directly or indirectly from the Producing Party.

**4.     <u>ACCESS TO USE AND CUSTODY OF PROTECTED MATERIAL.</u>**

4.1     General: A record shall be made of the names of the persons to whom disclosure of Protected Material is made (other than to Counsel and outside contractors hired by Counsel to copy, index, sort, or otherwise manage the storage and retrieval of discovery).

4.2     Access to Confidential Information: In the absence of written permission from the Producing Party or an order of this Court, a Receiving Party shall use any Confidential information designated in accordance with the provisions of paragraph 3.1 solely for purposes of the Massachusetts Action and/or U.S. Administrative proceedings in the T.T.A.B.

(including appeals) between the Parties involving the FORMSTRIP trademark and registrations thereof, and shall not disclose such information to or discuss such information with any person other than: (a) one named in-house lawyer of each Party (b) Counsel as defined in paragraph 2.8; (c) court reporters, stenographers, or videographers; (d) any person who can be shown from the face of the document to have authored or received it; (e) any former officers or employees being deposed in this action or as a witness at trial if (i) such designated information or document was in existence at the time of the witness' employment with Four Star; and (ii) such person otherwise would have been qualified to receive such designated information or document while employed by Four Star; (f) Experts; (g) U.S. courts and U.S. administrative tribunals and their support personnel; (h) any mediator retained by the parties to mediate this Action; and (i) any other persons or entities agreed to in writing by the Parties and Four Star, or as determined by this Court.  Under no circumstances shall Confidential information be made available to the Receiving Party or any other director, officer, manager, employee, agent, or representative of the Receiving Party except as stated in this paragraph.  Nothing contained in this Protective Order shall affect the right of the Producing Party to disclose to anyone Confidential information that the Producing Party has designated as Confidential information.

4.3     Access to Highly Confidential - Counsel Only Information: In the absence of written permission from the Producing Party or an order of this Court, a Receiving Party shall use any Highly Confidential - Counsel Only information designated in accordance with the provisions of paragraph 3.2 solely for purposes of the Massachusetts Action and/or U.S. Administrative proceedings in the T.T.A.B (including appeals) between the Parties involving the FORMSTRIP trademark and registrations thereof, and shall not disclose such information to or discuss such information with any person other than those set out in subparagraphs 4.2 (b) through (i).   Under no circumstances shall Highly Confidential - Counsel Only information be made available to the Receiving Party or any other director, officer, in-house counsel, manager, employee, agent, or representative of the Receiving Party except as stated in this paragraph.  Nothing contained in this Protective Order shall affect the right of the

Producing Party to disclose to anyone Highly Confidential - Counsel Only information that the Producing Party has designated as Confidential information.

4.4     Use of Protected Material at a Deposition: Whenever any Protected Material is presented or is the subject of inquiry at a deposition, or if counsel for Four Star in the deposition designates that an answer to a question or line of questioning is "Confidential" or "Highly Confidential - Counsel Only", such portion of the deposition that may reveal the "Confidential" or "Highly Confidential - Counsel Only" information or its contents shall be conducted (unless otherwise agreed by counsel for the parties in writing or upon the record of a deposition) so that only those persons duly authorized to have access to such "Confidential" or "Highly Confidential - Counsel Only" information are present.   Any transcript of a deposition in which "Confidential" or "Highly Confidential - Counsel Only" information is presented or is the  subject of inquiry shall be marked in accordance with the procedures set forth in paragraphs 3.1 or 3.2, as applicable, and paragraph 5, and shall not be disclosed to persons other than those persons duly authorized hereunder to have access thereto, unless those questions or answers or exhibits designated as "Confidential" or "Highly Confidential - Counsel" have been removed from the copies or the parties otherwise agree in writing.

4.5     Custody of Protected Material: All documents containing Protected Material and notes or other records regarding that information shall be maintained in the custody of Counsel for the Parties, and except as otherwise agreed by the Producing Party no partial or complete copies thereof containing Protected Material shall be retained by anyone else at any location, other than at an office or home office of Counsel (or in transit), except that Experts may retain documents on a temporary basis for purposes of study, analysis, and preparation of this action at the offices of such Expert.   A person, including any Expert, who removes Protected Material from the office or home office of Counsel shall maintain it in a manner that limits access to persons identified in paragraph 4.2 (for Confidential information) or 4.3 (for Highly Confidential - Counsel Only information).   No Protected Material shall be used or

retained at an office or location of a Receiving Party, except that one named in-house lawyer of each K-Swiss and Puma may review in his or her office electronic copies of Confidential information, but may not retain any such Confidential information for storage or for display.

4.6     Disclosure to Experts. Experts who in the course of the Action may be given access to Protected Material shall be required to read this Protective Order and agree, in writing, to be bound by executing the Acknowledgment attached hereto as Appendix B.  The originals of all such Acknowledgments shall be maintained in the files of the Counsel allowing access by such person to such Protected Material.

4.7     Acknowledgment of Protective Order: Before obtaining access to any Protected Material covered by this Protective Order, any person (with the exception of persons identified in subparagraphs 4.2 (b), (c), and (g) (for both Confidential information and Highly Confidential Counsel Only information)), who is permitted to have access to Protected Material must signify assent to the terms of this Protective Order by executing the Acknowledgment attached hereto as Appendix A, indicating that they have read and understood this Protective Order and agree to be bound by its terms.

4.8     Disclosure of Protected Material to Other Persons: In the event that Counsel for the Receiving Party finds it necessary to make a disclosure of Protected Material to such persons other than the persons identified in paragraph 4.2 (for Confidential information) or 4.3 (for Highly Confidential - Counsel Only information), Counsel for the Receiving Party must, no less than ten (10) calendar days in advance of the date of its intended disclosure, serve written notice on Counsel for the Producing Party including: (i) the Protected Material to be disclosed; (ii) the purpose of the disclosure; and (iii) an identification by name, business address, and employer the person(s) to whom such disclosure is to be made.  The Producing Party, as applicable, may consent or object to such disclosure in writing during the notice period; provided, however, no disclosure will be made without the Producing Party's written consent or order of this Court.  If a Producing Party consents in writing or an order of this Court permits the disclosure, Counsel for the Receiving Party must, prior to such disclosure,

inform the individual to whom the Protected Material is to be disclosed of the terms of this Protective Order, and have the individual acknowledge this Protective Order in writing by executing the Acknowledgment attached as Appendix A, acknowledging that he or she is fully conversant with the terms of this Protective Order and agrees to comply with it and be bound by it.

**5.        HANDLING OF PROTECTED MATERIAL.**

        5.1        Filing Protected Material with the Court or the T.T.A.B.:  In accordance with public policy, there is no "right" to file documents under seal and nothing herein shall require any court to file specific documents under seal.  Any filing under seal shall be subject to obtaining a separate order from the Judge or administrative official before whom the hearing or proceeding is pending.  Further, nothing contained in this Protective Order shall be construed to prejudice a Receiving Party from filing or lodging Protected Material with the Court or the T.T.A.B.  However, prior to the disclosure of any Protected Material, or the contents of any Protected Material, in any pleading, motion, or other paper filed or lodged with the Clerk of any court or the T.T.A.B., the Receiving Party shall (1) notify the Producing Party in writing of its intent to disclose the Protected Material and (2) apply to the Court or the T.T.A.B. to file the Protected Material under seal.  Should the Court or the T.T.A.B. require substantiation to warrant any sealing, the Producing Party shall be notified and may serve and file explanations, reasons, or declarations from competent witnesses setting forth specific facts demonstrating that sealing is warranted under Fed. R. Civ. P. Ru1e 26(c).  If the Receiving Party is unable to file the Protected Material under seal, the Receiving Party may not disclose the Protected Material without prior written permission from Four Star or an order from this Court alleviating the Receiving Party of its obligation to maintain the confidentiality of the Protected Material under this Protective Order.

        5.2        Use of Protected Material in Court Hearings and Other Proceedings: Nothing contained in this Protective Order shall be construed to prejudice a Receiving Party's right to use before the Court or the T.T.A.B. at a hearing any Protected Material.  However, prior to

any such use by a Receiving Party (to the extent not otherwise authorized under this Protective Order), the Receiving Party shall (1) notify the Producing Party in writing of its intent to disclose the Protected Material and (2) apply to the Court or the T.T.A.B. for appropriate protection including clearing the hearing room or courtroom of persons not entitled to receive the Protected Material at issue.  If unable to obtain appropriate protection, including clearing the hearing room or courtroom of persons not entitled to receive the Protected Material at issue, the Receiving Party may not disclose the Protected Material without prior written permission from Four Star or an order from this Court alleviating the Receiving Party of its obligation to maintain the confidentiality of the Protected Material under this Protective Order.

5.3     Working Copies: Nothing herein shall restrict persons identified in paragraph 4.2 (for Confidential information) or 4.3 (for Highly Confidential - Counsel Only information) from: (a) making working copies, abstracts, digests and analyses of such information for use in connection with this action; or (b) converting or translating such information into machine readable form for incorporation in a data retrieval system used in connection with this action, provided that access to such information, in whatever form stored or reproduced, shall be limited to qualified recipients. The one named in-house lawyer of each Party shall be restricted in his or her access to Confidential information as set forth in paragraph 4.5.

5.4     Examination and Testimony Regarding Protected Material:

Subject to the provisions of paragraphs 3, 4, and 5 of this Protective Order:

(a)     Four Star or present employee of Four Star may be examined and may testify concerning Protected Material produced by Four Star to the extent permitted under paragraphs 4.2(d), and (e);

(b)     A former employee of Four Star may be examined and may testify concerning all Protected Material produced by Four Star to the extent permitted under paragraphs 4.2(e);

(c)     An independent contractor of Four Star (other than a non-testifying litigation consultant) may be examined and may testify concerning all Protected Material produced by Four Star to the extent permitted under paragraphs 4.2(d), and (e);

(d)     An Expert (other than a non-testifying litigation consultant) of either Party may be examined and may testify concerning all Protected Material produced by any third party, to the extent permitted under paragraphs 4.2(f), 4.3, and 4.6;

(e)     For any person who is not permitted to access Protected Material under paragraph 4.2 (for Confidential information) or 4.3 (for Highly Confidential - Counsel Only information), a Receiving Party wishing to question or depose that person about Protected Material of any Producing Party must follow the procedure set forth in paragraph 4.8.

5.5     Request for Production in Unrelated Legal Proceedings: In the event any Receiving Party having possession, custody or control of any Protected Material receives from or on behalf of a non-party a subpoena or other process or order to produce such information in another unrelated legal proceeding, such Receiving Party shall: (a) promptly notify Counsel for the Producing Party; (b) promptly furnish Counsel for the Producing Party with a copy of said subpoena or other process or order; (c) object to production and refuse to produce any such Protected Materials unless and until there is a Court Order requiring production (provided, however, that the Receiving Party shall have no obligation to oppose any motion or request seeking such proposed or actual Court Order); and (d) reasonably cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose interests may be affected.  The Producing Party asserting the Confidential or Highly Confidential - Counsel Only designation with respect to Protected Material sought by a non-party shall have the burden of defending against such subpoena, process, or order.

5.6     Production of Four Star's Protected Material: If Four Star is in possession of a third party's material that is responsive to a Receiving Party's discovery request, which material Four Star reasonably believes may constitute confidential, proprietary, commercially sensitive and/or trade secret information of the third party shall notify the third party in

writing prior to the date on which the discovery responses are due, thereby permitting the third party a reasonable opportunity to move for a protective order or to stipulate to protection under this Protective Order.

5.7     Treatment of Confidential Discovery Material During Inspection: Should a Producing Party elect to make available certain of its voluminous files kept in the usual course of business for inspection by the Receiving Party, which voluminous files may contain confidential and non-confidential material, all such documents made available for inspection by the Receiving Party (including any summaries thereof containing information from such documents made by the Receiving Party) shall all be treated as required under this Protective Order by the Receiving Party as Highly Confidential - Counsel Only information.   In the event that a Receiving Party desires to have "Highly Confidential - Counsel Only" designation removed or changed to "Confidential" for any documents or summaries thereof, the Receiving Party shall comply with the procedures set forth in paragraphs 3.5 and 3.6 above.  Making documents and things available for inspection shall not, by itself, constitute a waiver by the Producing Party of any claim of confidentiality, or any other right.  Nothing in this paragraph shall prevent any Receiving Party from asserting in court that the documents so designated by the Producing Party should not be subject to such designation under this Protective Order.

5.8     Inadvertent Production and/or Failure to Designate: In the event that a Producing Party inadvertently produces a document that otherwise is not discoverable for reasons of the attorney-client privilege or work product immunity, or both, such inadvertent production shall not constitute any waiver of attorney-client privilege or work product immunity, and the Receiving Party shall, on demand by the Producing Party, promptly return all copies of such inadvertently produced documents.   In no event shall delivery of confidential undesignated documents constitute waiver where such delivery resulted from inadvertence on the part of the Producing Party and such inadvertent delivery is thereafter promptly brought to the attention of the Receiving Party after discovery by the Producing

Party.  Upon such notice and in return for copies of said documents containing the appropriate confidentiality designation, the Receiving Party shall return the undesignated documents and things and not retain copies thereof, and shall thereafter treat information contained in said documents and any summaries or notes thereof as confidential to the level designated by the Producing Party.  Any disclosure by the Receiving Party to persons not authorized to receive such Protected Material prior to Receiving Party's receipt of notice of a failure to designate shall not be deemed a violation of this Protective Order; provided, however, that upon notice of its protected status, the Receiving Party shall immediately mark such Protected Material in its possession with the appropriate legend and, shall immediately undertake the requirements set out in subparagraph 5.9 (a) through (e) which relate to retrieval of Protected Material from unauthorized persons.  Nothing in this paragraph shall prevent any Receiving Party from asserting in court that the production was not inadvertent, that confidentiality has been waived, or that the Producing Party otherwise waived the attorney-client privilege or work product immunity allegedly protecting the disclosed information from discovery.

5.9     Disclosure to Unauthorized Persons: If information subject to this Protective Order is disclosed to any unauthorized person either through inadvertence, mistake, or otherwise without authorization by the Producing Party, or other than in the manner authorized by this Protective Order, the person responsible for the disclosure shall immediately (a) inform the Producing Party of all pertinent facts relating to such disclosure, including without limitation, the name, address, and telephone number of the recipient and his or her employer; (b) use his or her best efforts to retrieve the disclosed information and all copies thereof; (c) advise the recipient of the improperly disclosed information, in writing, of the terms of this Protective Order; (d) make his or her best efforts to require the recipient to execute an agreement to be bound by the terms of this Protective Order in the form of the declaration attached hereto as Appendix A; and (e) take all other reasonable steps to prevent further disclosure by or to the unauthorized person who received the protected information.

Sanctions for inadvertent disclosure of Protected Material to unauthorized persons shall be decided by this Court after opportunity for briefing and argument by the affected parties.

**6.      DESIGNATION NOT DETERMINATIVE OF STATUS.**

There is no obligation to challenge the propriety of a Confidential or Highly Confidential - Counsel Only designation at the time made, and failure to do so shall not preclude a subsequent challenge to the designation.  All challenges by a Receiving Party to the propriety of a Confidential or Highly Confidential - Counsel Only designation shall first be made in writing to every Producing Party whose rights are affected, such writing to identify with specificity the material challenged.  Within fourteen (14) calendar days of such a challenge, the Producing Party shall substantiate the basis for such designation in writing.  Such challenges shall be resolved in good faith on an informal basis pursuant to the "meet and confer" requirements of the local rules.  If the challenge cannot be resolved, the Producing Party or Receiving Party may seek appropriate relief from this Court.

**7.      SCOPE OF PROTECTIVE ORDER; TERMINATION AND SURVIVAL OF OBLIGATIONS.**

This Protective Order is intended to regulate the handling of Discovery Material for pretrial purposes.  This Protective Order shall remain in full force and effect until modified or superseded by Order of this Court.  The Parties anticipate that requirements for specific protection and/or access to confidential information used during trial will differ significantly from the requirements during pre-trial discovery.  In view of the foregoing, no presumption shall be made that the terms of this Protective Order are applicable after the date of the post-discovery scheduling conference, set on March 3, 2011.  The Parties may request modification of this Protective Order or a new protective order for trial governing Discovery Material produced in this action.

**8.      INJUNCTIVE RELIEF.**

In the event anyone violates or threatens to violate any of the terms of this Protective Order, Four Star may apply to this Court to obtain injunctive relief against any such person

violating or threatening to violate any of the terms of this Protective Order.  Upon a motion or application for a temporary restraining order, (which TRO, if issued, shall expire in accordance with Fed. R. Civ. P. Rule 65(b)(B)(2)), the responding party shall not (i) employ as a defense in a motion to dissolve the TRO, or (ii) assert in opposition to any motion to grant or extend the TRO, the claim that the aggrieved party possesses an adequate remedy at law.  Except as provided in this paragraph with respect to a TRO, the responding party may employ all available defenses under the law.  This Court shall retain jurisdiction over the Parties and Four Star for the purpose of enforcing the Protective Order.

**9.      RIGHT TO FURTHER RELIEF**

Nothing in this Protective Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action to seek a modification or amendment of this Protective Order.

**10.     AMENDMENT.**

This Protective Order may be modified or amended only where Counsel for K-Swiss and Four Star agree to a Motion to Amend Protective Order, or by Order of this Court.

**11.     RIGHT TO ASSERT OTHER OBJECTIONS.**

This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing Discovery Material called for, whether during discovery, hearing, or trial, and access to such Discovery Material shall be only as otherwise provided by the discovery rules and other applicable law.

**12.     FINAL DISPOSITION.**

Within two months after final termination of this action, or within one month after the time for appeal has expired, each Receiving Party shall assemble all Protected Material furnished and designated by any Producing Party including Protected Material provided to Experts, and shall either: (i) return such Protected Material to the Producing Party; or (ii)

destroy the Protected Material and provide a certificate of destruction to the Producing Party. Notwithstanding the foregoing, Counsel for each Party shall be entitled to retain a "litigation file" which shall include, without limitation, all pleadings, motion papers, declarations, exhibits, legal memoranda, correspondence, work product, electronic files, and produced documents.

**13.     COURT'S ENTRY OF THE PROTECTIVE ORDER.**

13.1    Upon execution of the Protective Order by the Parties and Four Star, and before this Court enters the Protective Order, the Producing Parties may agree to produce some or all of the information designated as Confidential and/or Highly Confidential-Counsel Only. Except as provided in this Paragraph, the disclosed information shall be governed by the terms of this Stipulation and the resulting Order.  The Parties further agree that should this Court alter the terms of the Protective Order affecting what material may be designated as Confidential and/or Highly Confidential Counsel Only, any Protected Material affected by the altered terms shall be returned to the Producing Party within seven (7) calendar days of such court order and shall not be disclosed to any person not permitted access under paragraphs 4.2 (for Confidential information) or paragraph 4.3 (for Highly Confidential - Counsel Only information) absent agreement of the Receiving and Producing Parties or further order of this Court.


       IT IS SO ORDERED.

DATED:  July 14, 2010

_____

Cathy Ann Bencivengo

U.S. Magistrate Judge

APPENDIX A

CONFIDENTIALITY AGREEMENT

I, _____, hereby acknowledge that:

(i)      I have read the Protective Order entered in the U.S. District Court for the Southern District of California and relating to the action presently pending in the U.S. District Court for the District of Massachusetts captioned PUMA AG Rudolf Dassler Sport and PUMA North America, Inc. v. K-Swiss Inc. (l:09-cv-l0718-DPW);

(ii)      I understand the terms of the Protective Order;

(iii)      I agree, upon threat of penalty of contempt and other civil remedies, to be bound by the Protective Order's terms; and

(iv)      I irrevocably submit my person to the jurisdiction of the U.S. District Court for the Southern District of California for the limited purpose of securing compliance with the terms and conditions of the Protective Order.


DATED: _____

_____
Signature

_____
Name

_____
Present Employer

_____
Title/Occupation

_____
Address

_____
City            State            Zip

_____
Telephone Number

APPENDIX B

CONFIDENTIALITY AGREEMENT

(For Experts)

I,_____ , hereby acknowledge that:

(i)      I have read the Protective Order entered in the U.S. District Court for the Southern District of California and relating to the action presently pending in the U.S. District Court for the District of Massachusetts captioned PUMA AG Rudolf Dassler Sport and PUMA North America, Inc. v. K-Swiss Inc. (1:09-cv-10718-DPW).

(ii)     I understand the terms of the Protective Order;

(iii)    I agree, upon threat of penalty of contempt and other civil remedies, to be bound by the Protective Order's terms; and

(iv)    I certify that I am not a competitor to any Producing Party, or a consultant for, or employed by, such a competitor with respect to the specific subject matter of this case;

(v)     I understand that I am to maintain all copies of any Protected Material that I receive in a container, cabinet, drawer, room, password protected computer medium, or other safe place in a manner consistent with this Protective Order, and that all copies are to remain in my custody only until I have completed my assigned duties, whereupon the copies are to be destroyed or returned to the Producing Party or Third Party.  Such return or destruction shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order. I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the Protective Order; and

(vi)     I irrevocably submit my person to the jurisdiction of the U.S. District Court for the Southern District of California for the limited purpose of securing compliance with the terms and conditions of the Protective Order.


DATED: _____          _____
                                        Signature

                                        _____
                                        Name

                                        _____
                                        Present Employer

                                        _____
                                        Title/Occupation

                                        _____
                                        Address

                                        _____
                                        City              State              Zip

                                        _____
                                        Telephone Number

APPENDIX C

STIPULATION

I, _____, hereby acknowledge for myself and on behalf of _____ that:

(i)      I have read the Protective Oder entered in the U.S. District Court for the Southern District of California and relating to the action presently pending in the U.S. District Court for the District of Massachusetts captioned PUMA AG Rudolf Dassler Sport and PUMA North America, IN. v. K-Swiss Inc. (1:09:cv-10718-DPW);

(ii)     I understand the terms of the Protective Order;

(iii)    I agree, upon threat of penalty of contempt and other civil remedies, to be bound by the Protective Order's terms, and to bind _____ to those terms; and

(iv)    I irrevocably submit my person and _____to the jurisdiction of the U.S. District Court for the Southern District of California for the limited purpose of securing compliance with the terms and conditions of the Protective Order.

DATED: _____

_____
Signature

_____
Name

_____
Company

_____
Title/Occupation

_____
Address

_____
City               State               Zip

_____
Telephone Number

9328032
070910